NUMBERS 13-09-00417-CR


 13-09-00418-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

RANDY GUERRA, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 117th District Court

of Nueces County, Texas.

 


 MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Vela


 Memorandum Opinion by Chief Justice Valdez
 

 Appellant, Randy Guerra, was charged by indictment with one count of aggravated
robbery, a first-degree felony, in both appellate cause numbers 13-09-417-CR and 13-09-418-CR. (1) See Tex. Penal Code Ann. § 29.03(a)(2) (Vernon 2003). Pursuant to a plea
agreement with the State, Guerra pleaded guilty to the underlying charge. The trial court
found Guerra guilty of the underlying offenses in both appellate cause numbers, assessed
a sentence of ten years' confinement, suspended the sentence, placed Guerra on
community supervision for ten years, and imposed a fine of $500 and court costs. (2) 

 On May 3, 2005, the State filed its first motion to revoke Guerra's community
supervision, alleging that Guerra had violated several conditions of his community
supervision by unlawfully carrying a weapon, possessing marihuana, and failing to pay
court-ordered fines and fees. At a hearing on the State's first motion to revoke, Guerra
pleaded "true" to the allegations contained in the State's motion to revoke; the trial court
subsequently sanctioned Guerra, placed him on the "special caseload for substance abuse
probation program," and ordered him to participate in TAIP (3) evaluations and attend
substance abuse classes. Thereafter, the State filed three more motions to revoke,
asserting that Guerra had violated several other conditions of his community supervision,
including several instances of improper consumption of alcohol. With respect to the
second and third motions to revoke, the trial court further sanctioned Guerra; however, the
trial court revoked Guerra's community supervision after Guerra pleaded "true" to the
allegations contained in the State's fourth motion to revoke that was filed on May 15,
2009. (4) After revoking Guerra's community supervision, the trial court reduced the
suspended ten-year sentences to eight years' confinement in the Institutional Division of
the Texas Department of Criminal Justice with no fine and, once again, ordered the
sentences imposed in both appellate cause numbers to run concurrently. 

 Guerra's appellate counsel, concluding that there are "no meritorious issues to bring
forward for review," filed Anders briefs in both appellate cause numbers, in which he
reviewed the merits, or lack thereof, of the appeals. We affirm.

I. Anders Brief

 Pursuant to Anders v. California, 386 U.S. 738, 744 (1967), Guerra's
court-appointed appellate counsel has filed briefs with this Court, stating that his review of
the record yielded no grounds or error upon which an appeal can be predicated in either
appellate cause number. Although counsel's briefs do not advance any arguable grounds
of error, they do present a professional evaluation of the record demonstrating why there
are no arguable grounds to be advanced in either appeal. See In re Schulman, 252
S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an Anders brief need not
specifically advance 'arguable' points of error if counsel finds none, but it must provide
record references to the facts and procedural history and set out pertinent legal
authorities.") (citing Hawkins v. State, 112 S.W.3d 340, 343-44 (Tex. App.-Corpus Christi
2003, no pet.)); Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). 

 In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.]
1978), Guerra's counsel has carefully discussed why, under controlling authority, there are
no errors in the trial court's judgments. Counsel has informed this Court that he has: (1)
examined the record and found no arguable grounds to advance in either appeal, (2)
served copies of the briefs and counsel's motions to withdraw on Guerra, and (3) informed
Guerra of his right to review the record and to file a pro se response in both appellate
cause numbers. (5) See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see also
In re Schulman, 252 S.W.3d at 409 n.23. More than an adequate period of time has
passed, and Guerra has not filed a pro se response in either appellate cause number. See
In re Schulman, 252 S.W.3d at 409.

II. Independent Review

 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the entire record and counsel's briefs and have found
nothing that would arguably support an appeal in either appellate cause number. See
Bledsoe v. State, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of
Anders briefs, by indicating in the opinion that it considered the issues raised in the briefs
and reviewed the record for reversible error but found none, the court of appeals met the
requirement of Texas Rule of Appellate Procedure 47.1."); Stafford, 813 S.W.2d at 509. 
Accordingly, we affirm the judgments of the trial court.III. Motion to Withdraw

 In accordance with Anders, Guerra's attorney has asked this Court for permission
to withdraw as counsel in both appellate cause numbers. See Anders, 386 U.S. at 744;
see also In re Schulman, 252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776,
779-80 (Tex. App.-Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous,
he must withdraw from representing the appellant. To withdraw from representation, the
appointed attorney must file a motion to withdraw accompanied by a brief showing the
appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's
motions to withdraw. Within five days of the date of this Court's opinion, counsel is ordered
to send a copy of the opinion and judgment in each appellate cause number to Guerra and
advise him of his right to file petitions for discretionary review. (6) See Tex. R. App. P. 48.4;
see also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens, 206 S.W.3d 670, 673
(Tex. Crim. App. 2006). 


 _______________________ 

 ROGELIO VALDEZ

 Chief Justice

 

Do Not Publish. 

Tex. R. App. P. 47.2(b)

Delivered and filed the

25th day of February, 2010. 

 
1. The underlying offenses in both cause numbers pertain to robberies at two different convenience
stores on or about the night of January 11, 2004. However, because appellant's counsel has filed Anders
briefs in both appellate cause numbers 13-09-417-CR and 13-09-418-CR, and because the analysis is the
same, we issue one opinion addressing both appellate cause numbers.
2. The punishments imposed in both appellate cause numbers were ordered to run concurrently.
3. "TAIP" is identified on the Texas Department of Criminal Justice website as the "Treatment
Alternative to Incarceration Program (CJAD)." See Tex. Dep't of Criminal Justice: Definitions & Acronyms,
http://www.tdcj.state.tx.us/definitions/definitions-acronyms.htm (last visited Feb. 2, 2010). 
4. In its fourth motion to revoke, the State alleged, among other things, that Guerra violated the terms
and conditions of his community supervision by engaging in family violence assault. See Tex. Penal Code
Ann. § 22.01(b)(2) (Vernon Supp. 2009); Tex. Fam. Code Ann. § 71.003 (Vernon 2008). 
5. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the
rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting
Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
6. No substitute counsel will be appointed. Should Guerra wish to seek further review of these cases
by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary
review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within
thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this
Court. See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this Court, after which
it will be forwarded to the Texas Court of Criminal Appeals. See Tex. R. App. P. 68.3; 68.7. Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 68.4.